JOURNAL ENTRY AND OPINION
{¶ 1} David Kurczi appeals from a judgment entered by the Cleveland Municipal Court denying his motion to suppress and finding him guilty of driving while under the influence of alcohol in violation of Cleveland Municipal Code 433.01(A)(1) following his plea of no contest. The court sentenced Kurczi to 180 days in jail, suspended 170 days, imposed a fine, suspended his driver's licence from September 2, 2001 until September 2, 2002, placed him on active probation, and ordered alcohol counseling. On appeal, he assigns one error for our review:
 {¶ 2} The stop of the defendant's vehicle by the police officer was unlawful; and, all evidence seized and/or obtained by the city as a result of that `stop' and detention of the defendant, was obtained in violation of the defendant's constitutional rights and should be suppressed.
 {¶ 3} Having reviewed the arguments of the parties and the pertinent law, we find no error and affirm the judgment of the trial court. The apposite facts follow.
 {¶ 4} At a hearing on Kurczi's motion to suppress, Cleveland Police Sergeant Renee Kane testified that in the early morning hours of September 2, 2001, she was traveling southbound on West 65th Street and stopped at a red light at the intersection of West 65th Street and Lorain Avenue. There was one car behind her police vehicle. At the same time, Kurczi was traveling southbound on West 65th Street in the curb lane. Kane stated that as the light turned green, she heard sirens coming westbound on Lorain Avenue. She observed an EMS vehicle traveling westbound on Lorain with its lights and sirens on. Kane activated her lights and angled her car slightly to the right so that the car behind her would not hit the police car. As the EMS vehicle crossed the intersection, she observed Kurczi's vehicle make a right turn and caused the EMS vehicle to go left of center in order to avoid hitting Kurczi. Kane then effectuated a traffic stop of Kurczi's vehicle.
 {¶ 5} Kurczi, on the other hand, testified he did not see the emergency vehicle because his view was being blocked by the police car and the car behind it. He stated he had a green light, proceeded to make a right hand turn onto Lorain Avenue and suddenly saw an emergency vehicle. He stated he turned his car to the right, hard and came to a stop. Kurczi testified Kane did not activate her lights nor was her vehicle blocking the southbound lane in which he had traveled.
 {¶ 6} As a result of his actions, Kurczi was issued a ticket, charging him with driving while under the influence, failure to yield the right of way to a public safety vehicle, and for use of a vehicle to solicit marijuana.
 {¶ 7} At the close of this testimony, the trial court denied Kurczi's motion to suppress. Kurczi pleaded guilty to driving while under the influence and the city nolled the remaining counts.
 {¶ 8} Kurczi's sole complaint on appeal is that the trial court erred in denying his motion to suppress.
 {¶ 9} We begin our analysis with the appropriate standard of review. The court in State v. Lloyd[1] stated, our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. * * * [T]his is the appropriate standard because `in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.' However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard.[2]
 {¶ 10} In Terry v. Ohio,[3] the Court held that a police officer may stop and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. In justifying a Terry-type intrusion, however, the police officer may not rely upon a mere hunch or an unparticularized suspicion.[4] The police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.[5]
 {¶ 11} In this case, Kurczi challenges the reasonableness of the stop of his vehicle. In this regard, the trial court heard testimony from Sergeant Kane, the only eye witness to Kurczi's actions. Kane testified she heard sirens and then saw an EMS vehicle approaching the intersection of West 65th Street and Lorain Avenue as she waited for her light to turn green. Upon seeing the emergency vehicle, she activated her overhead lights and angled her police car to the right to warn other drivers not to proceed through the intersection. As the emergency vehicle crossed the intersection, she observed Kurczi's vehicle proceed through the light and complete a right hand turn, which caused the emergency vehicle to go left of center in an effort to avoid hitting Kurczi's vehicle. Because Kurczi committed a traffic violation in front of Kane, Kane had probable cause to initiate a traffic stop of Kurczi's vehicle. Upon approaching the vehicle, as the ticket indicate, Kane detected a strong odor of alcohol coming from Kurczi. This gave Kane a basis for administering a breathalyzer test, which she did. Kurczi's blood alcohol level at the time of the traffic stop registered .154, well over the legal limit.
 {¶ 12} The trial court is in the best position to judge the credibility of witnesses who testify before it. In this case, the trial court found Kane's testimony to be more believable than Kurczi's. As a result, it denied his motion to suppress. We find no error in doing so and therefore overrule the assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANN DYKE, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] (1998), 126 Ohio App.3d 95. (citations omitted).
[2] Id.
[3] (1968), 392 U.S. 1.
[4] State v. Ford (1989), 64 Ohio App.3d 105, quoting State v.Price (June 10, 1987), Montgomery App. No. 9760.
[5] Terry, supra, at 21.